## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Frederick J. Kapala | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 50132 | **DATE** | 8/25/2008 |
| **CASE TITLE** | Stanard, et al. v. Nygren, et al. | | |

**DOCKET ENTRY TEXT:**

Defendants' motion to dismiss [31] is granted. Counts V, VI, and VIII are dismissed with prejudice, and Counts I through IV, VII, and IX through XXVIII are dismissed without prejudice. Plaintiffs shall have until September 30, 2008, to file a motion for leave to file an amended complaint with a copy of the proposed amended complaint attached. Failure to do so will result in a dismissal with prejudice of Counts I through IV, VII, and IX through XXVIII without further notice.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Plaintiffs, Michael Stanard (Stanard), his wife, Joeleen Stanard, and One Zero Charlie Productions, Inc., filed a twenty-eight count complaint against defendants, McHenry County Sheriff Keith Nygren; McHenry County Sheriff's Deputies Ron Page, Hector Garza, Cathy Hart, Jennifer Asplund, Travis McDonald, Timothy Matteson, Anton Cundiff, Matt Madey, Patrick Dillon, Thomas Jonites, Trever Vogel, Jerry Croner, Debra Cypher, Jerry Bodden, Paul Hildreth, Dan Reineking, Mike Hutchenson, Ed Maldonado, Ray Kendall, and Glen Olson; Officers Miyoven and Ray Serkin; unknown others that are agents and employees of the Sheriff's department; and the County of McHenry. Plaintiffs allege federal claims in Counts I through VIII and state law claims in Counts IX through XXVIII. Currently before the court is defendants' motion to dismiss which addresses each of plaintiffs' twenty-eight Counts in turn.

### I. BACKGROUND

The allegations, which are taken as true for the purposes of this order, are as follows. In 2005, Stanard built a stage on his property located at 5112 Greenwood Road in McHenry County, Illinois, and began to host concerts and events. In 2005, Nygren demanded that Stanard hire his off-duty deputies as security personnel for these events. Allegedly, later that year, Nygren demanded that Stanard hire his off-duty deputies as security for a Katrina Relief Concert pursuant to non-negotiable terms and conditions. As a result, Stanard was purportedly forced to retain the deputies and pay them more than double what a typical private security guard would cost.

Plaintiffs further allege that in 2006, Stanard produced an event called "Viva Latino." Plaintiffs allege that in addition to bringing drug sniffing dogs to that event, several armed deputies entered into Stanard's personal residence without permission and demanded bottled water and use of the bathroom. Moreover, "[d]efendants displayed an intimidating presence . . . by wearing their uniforms and firearms and situating and parking numerous Sheriffs squad cars on Plaintiffs [sic] property and about the entrance." As a result of these

| STATEMENT |
|---|

actions, Stanard and his wife were "intimidated, menaced, and felt they had to submit" to the home invasion and trespass.

According to plaintiffs, when Stanard eventually objected to Nygren's authority to demand the use of his deputies as security, Nygren threatened to close down the road in front of the property for future events. The complaint contains no indication of when Stanard voiced this objection and received this threat.

According to plaintiffs, in 2005 and 2006, Nygren coerced Stanard into signing unilateral, non-negotiable "Independent Off-Duty Agreements" in connection with the events held in July 2005 and July 2006.[1] Plaintiffs allege that these agreements required them to pay the deputies double the prevailing rate for security services. On information and belief, plaintiffs allege that Nygren and his deputies have engaged in similar conduct with respect to other business in McHenry County.

## II. DISCUSSION

Although defendants do not specify the subsection or subsections of Rule 12(b) under which they move to dismiss, it appears that most of defendants' arguments are premised on plaintiffs' failure to state a cause of action, and thus on Rule 12(b)(6). In evaluating a motion to dismiss pursuant to Rule 12(b)(6), the court must look to whether the plaintiff has stated a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A dismissal is proper if, taking all the facts alleged in the complaint to be true and construing all inferences in his favor, the plaintiff fails to state a claim upon which relief can be granted. Horwitz v. Bd. of Educ. of Avoca Sch. Dist. No. 37, 260 F.3d 602, 618 (7th Cir. 2001). A motion to dismiss should be granted if the plaintiff fails to proffer enough facts to state a claim for relief "that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. ___, 127 S. Ct. 1955, 1974 (2007).

### A. Count I (RICO Claim)

In Count I, plaintiffs attempt to allege violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 et seq. (RICO). In order to state a RICO claim, plaintiffs must allege, among other things, a "pattern of racketeering activity." Sedima, S.P.R.L. v. Imrex Co., Inc, 473 U.S. 479, 495 (1985). RICO defines "racketeering activity" as "any act or threat involving murder, kidnapping, gambling, arson, robbery, bribery, extortion, dealing in obscene matter, or dealing in a controlled substance . . . which is chargeable under State law and punishable by imprisonment for more than one year" and any act indictable under certain specified federal statutes including 18 U.S.C. § 1341 (relating to mail fraud), 18 U.S.C. § 1951 (relating to interference with commerce, robbery, or extortion), and 18 U.S.C. § 1956 (relating to laundering of monetary instruments). 18 U.S.C. § 1961(1). A "pattern of racketeering activity" consists of at least two predicate acts of racketeering committed within a ten-year period. 18 U.S.C. § 1961(5). The requirement of two predicate acts of racketeering is a minimum requirement and, while two may be necessary, two may not always be sufficient. Sedima, 473 U.S. at 496 n.14.

In Count I of the complaint filed in this case, plaintiffs allege that the factual maters set forth in the 36 paragraphs preceding Count I constitute predicate acts of racketeering indictable as money laundering under § 1956, extortion under § 1951, mail fraud under § 1341, official misconduct under 720 ILCS 5/33-3(d), home invasion under 720 ILCS 5/12-11, and criminal trespass to a residence under 720 ILCS 5/19-4. The acts allegedly constituting violations of Illinois law, however, cannot be predicate acts of racketeering because they are not among the enumerated violations of state law that constitute racketeering activity under § 1691(1)(A).

The acts allegedly indictable under the three cited federal statutes are enumerated acts of racketeering activity. See 18 U.S.C. § 1691(1)(B). However, there are no allegations in the complaint of any activity by defendants that constitutes money laundering or mail fraud. Therefore, plaintiff has failed to plead a claim for relief "that is plausible on its face" see Twombly, 127 S. Ct. at 1974, with respect to these predicate acts of

**STATEMENT**

racketeering.

That leaves only the alleged racketeering activity based on defendants' acts that are allegedly indictable as extortion under § 1951. Under that provision, "[t]he term 'extortion' means the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right." 18 U.S.C. § 1951(b)(2). The court notes that Count I of the complaint is not in compliance with Federal Rules of Civil Procedure 8 and 10 because the court is unable to determine which facts alleged in the 36 paragraphs preceding Count I plaintiffs contend constitute indictable acts of extortion. See Fed. R. Civ. P. 8(a)(2) (complaint should contain "short and plain statement" of claims); Fed. R. Civ. P. 8(d)(1) (pleading must be "simple, concise, and direct"). The only allegation in the complaint that could be construed as a threat to obtain money from plaintiffs with their consent is the allegation that Nygren threatened to close down the road in front of plaintiffs' property for future events if Stanard did not do as Nygren ordered. However, even if this allegation constitutes a threat under color of official right, there is no indication that this threat was used to coerce Stanard into complying with Nygren's demands because plaintiff has not pled that the threat came before Stanard agreed to Nygren's terms. In any event, this single threat can only constitute one predicate act of racketeering, but plaintiff must allege at least two predicate acts of racketeering in order to state a RICO claim. See 18 U.S.C. § 1961(5). Therefore, Count I is dismissed without prejudice.

### B. Count II (Conspiracy-RICO)

In Count II, plaintiffs allege that defendants violated § 1962(d), in that defendants' acts were a product of their agreement, combination, and conspiracy to violate RICO to plaintiffs' detriment. Defendants have failed to state a cause of action in Count II because this claim is premised on the RICO violations in Count I which this court has determined were insufficiently pled. Therefore, Count II also is dismissed without prejudice.

### C. Count III (§ 1983 Claims)

In Count III, plaintiffs purport to state causes of action for deprivations of their First, Fourth, Fifth, Eighth, and Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983. Plaintiffs incorporate paragraphs 1-41 of Count I in Count III and then allege that:

> the Defendants foregoing acts and omissions were done and committed in violation of § 1983 . . . depriving Plaintiffs of their rights, privileges and immunities, secured by the laws statutes and Constitution of the United States including but not limited to their rights to freedom of association, speech, privacy, assembly, travel and contract.

Defendants maintain that the allegations in Count III are insufficient because there are no allegations of specific acts or omissions by each individual defendant sufficient to put them on notice of their personal conduct so that they can respond to the complaint. Defendants also argue that the allegations in Count III are defective because they impermissibly group more that one transaction into one Count or into one paragraph.

The Federal Rules of Civil Procedure require litigants to formulate their pleadings in an organized and understandable manner. See Fed. R. Civ. P. 8(a)(2) (complaint should contain "short and plain statement" of claims); Fed. R. Civ. P. 8(d)(1) (pleadings must be "simple, concise, and direct"); Fed. R. Civ. P. 10(b) (parties are to separate their claims within their pleadings into numbered paragraphs, "each limited as far as practicable to a single set of circumstances"). Plaintiffs are required, to the best of their ability, to set out not only their alleged claims in a simple, concise, and direct manner, but also the facts supporting their claims as to each defendant. The allegations in Count III are not in compliance with Rules 8(d)(1) or 10(b). In short, the allegations in Count III do not permit the court to determine which of the allegations in paragraphs 1-41 of Count I support the alleged violations of the five constitutional amendments referred to in Count III. In opposition to the present motion to dismiss, plaintiffs reference this court's orders of October 30, 2007, denying defendants' Rule 12(e) motion for a more definite statement, and February 21, 2008, denying defendants' Rule 12(b)(6)

**STATEMENT**

motion to dismiss the official capacity claims alleged in Count III of the complaint. To whatever extent that the previous order on defendants' Rule 12(e) motion found that plaintiffs had complied with Rules 8 and 10 in Count III, the court has now reconsidered that ruling and comes to the opposite conclusion. As for the previous 12(b)(6) motion, it raised issues distinct from those presently before the court and defendants did not challenge the sufficiency of the allegations in Count III under Rules 8 and 10 in that motion.

For the foregoing reasons, Count III is dismissed without prejudice to refiling in accordance with the Federal Rules of Civil Procedure. If plaintiffs choose to file an amended complaint, the Court reminds them that Rule 10(b) indicates that each claim must be stated in a separate Count where doing so would promote clarity.

### D. Count IV (Conspiracy to Deprive Civil Rights § 1985)

Count IV purports to state a cause of action for conspiracy to violate plaintiffs' civil rights and incorporates the same allegations of purported constitutional violations as Count III. Consequently, Count IV suffers from the same pleading defects contained in Count III and also is dismissed without prejudice.

### E. Count V (Hobbs Act)

In Count V, plaintiffs allege that defendants violated the Federal Hobbs Act, 18 U.S.C. § 1951. Defendants argue that there is no private right of action for a Hobbs Act violation. The court agrees. See Bajorat v. Columbia-Breckenridge Dev. Corp., 944 F. Supp. 1371, 1377-78 (N.D. Ill. 1996) (concluding that Hobbs Act does not carry an implied private right of action and dismissing claim with prejudice); Rowell v. Voortman Cookies, Ltd., No. 02 C 0681, 2002 WL 31116640, at *7 (N.D. Ill. Aug. 12, 2002) (recognizing that "the Hobbs Act does not allow a private right of action"). Accordingly, Count V is dismissed with prejudice.

### F. Count VI (Direct Action Under U.S. Constitution)

In Count VI, plaintiffs allege a "Direct Action Under [the] U.S. Constitution." Defendants argue that Count VI should be dismissed as duplicative of Count III, which properly utilizes § 1983 as the vehicle for bringing a claimed constitutional violation. Defendants are correct. No direct cause of action under the U.S. Constitution exists against state actors. Universal Outdoor, Inc. v. Elk Grove Vill., 969 F. Supp. 1124, 1125 (N.D. Ill. 1997); Ellis v. Sec'y of the State of Ill., 883 F. Supp. 291, 293-94 (N.D. Ill. 1995). Claims of federal constitutional violations against state actors must be brought under § 1983. Ellis, 883 F. Supp. at 294. Accordingly, Count VI is dismissed with prejudice.

### G. Count VII (§ 1983 Monell Claim)

In Count VII, plaintiffs allege official capacity § 1983 claims against Sheriff Nygren and McHenry County. Such claims are brought pursuant to Monell v. Department of Social Services, 436 U.S. 658 (1978). Plaintiffs assert that the constitutional violations alleged in the preceding counts were the result of the Sheriff's official policy, practice, custom, or failure to train and supervise. Because this Count incorporates the same allegations of purported constitutional violations as Count III, it suffers from the same pleading defects as does Count III. Moreover, because the court has concluded that plaintiffs have failed to properly plead a § 1983 cause of action for any constitutional deprivations, these Monell claims also necessarily fail to state causes of action. See City of L.A. v. Heller, 475 U.S. 796, 799 (1986) ("If a person has suffered no constitutional injury at the hands of the individual police officer, the fact that the department regulations might have authorized the use of constitutionally excessive force is quite beside the point."); Jenkins v. Bartlett, 487 F.3d 482, 492 (7th Cir. 2007) ("[T]here can be no liability under Monell for failure to train when there has been no violation of the plaintiff's constitutional rights."); Moberg v. City of W. Chi., No. 00 C 2504, 2003 WL 255229, at *8 (N.D. Ill. Feb. 4, 2003) ("[T]he essential bedrock of any Monell claim is a violation of the plaintiff's constitutional rights and that absent any such violation there can be no Monell claim."). Consequently, Count VII is dismissed without prejudice.

**STATEMENT**

### H. Count VIII Federal Class Action

In Count VIII plaintiffs purport to bring a "Federal Class Action." However, there is no independent cause of action for a federal class action. Rather, motions for class certification are made pursuant to Federal Rule of Civil Procedure 23. Moreover, because all of plaintiffs' federal claims have been dismissed there is no need for this court to consider the issue of class certification at this time. Accordingly, Count VIII is dismissed with prejudice.

### I. State Law Claims

Because the court has concluded that plaintiffs have failed to state a federal cause of action, it will relinquish jurisdiction over the remaining supplemental state law claims alleged in Counts IX through XXVIII rather than endeavor to determine if they state causes of action at this time. See 28 U.S.C. § 1367(c)(3); Williams v. Rodriguez, 509 F.3d 392, 404 (7th Cir. 2007). These claims are dismissed without prejudice to refiling should plaintiffs file an amended complaint stating a federal cause of action.

### III. CONCLUSION

For the foregoing reasons, defendants' motion to dismiss is granted. Counts V, VI, and VIII are dismissed with prejudice, and Counts I through IV, VII, and IX through XXVIII are dismissed without prejudice. Plaintiffs shall have until September 30, 2008, to file a motion for leave to file amended complaint with a copy of the proposed amended complaint attached. Failure to do so will result in a dismissal with prejudice of Counts I through IV, VII, and IX through XXVIII without further notice.[2]

---

1. These agreements presumably correspond to the 2005 Katrina Relief Concert and the 2006 Viva Latino event. In paragraph 26 of the complaint, plaintiffs allege that copies of these agreements are attached as exhibits A and B. However, there is only one Independent Off-Duty Detail Agreement attached to the complaint. In that document, the McHenry County Sheriff agrees to provide Zero One Charlie Productions "[s]ix deputies to provide traffic control and limited supplement [sic] to the privately contracted security hired by One Zero Charlie Productions" between 6:00 p.m. and 12:00 a.m. on July 29 and 30 at a rate of $40 per man hour. This agreement was signed by Nygren and Stanard on July 27, 2005.

2. Should plaintiffs choose to seek leave to file an amended complaint, plaintiffs' counsel is cautioned to be mindful of his obligation under Rule 11 of the Federal Rules of Civil Procedure to ensure that any claims asserted are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law. The court reminds counsel of this obligation in light of the fact that the current complaint contained several questionable claims, such as Counts V and VI which clearly do not exist as a matter of law. The court is also at a loss at this point as to how plaintiffs' claim that defendants violated their Eighth Amendment rights could have any merit where there is no allegation that any plaintiff was ever found guilty of a crime. See Bell v. Wolfish, 441 U.S. 520, 536 n.16 (1979) (holding that the Eighth Amendment applies exclusively to individuals actually adjudicated guilty).